## DOMINICK MURPHY'S (dependent's) CASE.

Hampden.    November 30, 1915. — September 5, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act,* Dependency, Survival.

Where a deceased employee at the time of an injury that resulted in his death had no family, and his mother, who was his only next of kin, was wholly dependent upon his earnings for support and filed a petition for compensation under St. 1911, c. 751, Part II, § 7, and where, after an award had been made by an arbitration committee from which an appeal to the Industrial Accident Board was pending, such dependent died, it was *held* that such dependent had no vested right to compensation under the statute which could pass to the representative of her estate, except the right that had accrued for compensation from the date of the injury to the time of her death, and that no person was in existence to whom an award under the statute to take effect upon her death could be made.

A weekly payment awarded to be made to a dependent under the workmen's compensation act comes to an end when the dependent dies.

It here was *intimated,* although not decided, that, where an employee dies from an injury within the workmen's compensation act, leaving a widow and children by such widow under eighteen years of age, and the widow subsequently dies while a petition by her for compensation under the act is pending or after an award has been made upon it, an order directing payments to be made to the widow may be reviewed by the Industrial Accident Board under St. 1911, c. 751, Part III, § 12, as amended by St. 1914, c. 708, § 11, and a new award may be made to such minor children under St. 1911, c. 751, Part II, § 7, of payments for the period subsequent to the death of the widow.

LORING, J.    The appeal in this case brings to us the question of the character of the right to compensation (under the workmen's compensation act) given to a dependent of an employee who dies of an injury within the act.    In the case at bar, the death of the dependent took place while the case was pending on appeal from an award of the arbitration committee and before the case was heard by the Industrial Accident Board.    An administrator intervened, and the board directed that $9.75 a week for three hundred weeks should be paid to the administrator to be paid by him to the next of kin of the deceased dependent.    This was confirmed by the decree of the Superior Court.*

The deceased employee lived with his mother who for some

* Made by *Aiken,* C. J.    The insurer and the employer appealed.

years had been wholly incapacitated by the fatal disease of which she died. The other members of the family were a daughter, who carried on the household, doing the household work with her own hands, a brother, and an adopted daughter, who was a minor. The brother and the adopted daughter were sickly and contributed to the household expenses enough but no more than enough to pay for what they received from it. The deceased had another brother who did not live at home and made no contribution to the maintenance of the family. The board found that the mother was wholly dependent upon the deceased, and that finding was warranted by the evidence. The board also found that the family was the family of the mother, not of the son. That finding also was warranted by the evidence. It follows that the only person entitled to recover was his mother, she being the deceased's only next of kin. *Kelley's Case,* 222 Mass. 538.

There is no provision in the workmen's compensation act dealing expressly with the question which this case presents. Whether the sum which a dependent is entitled to upon the death of an employee is a vested interest or ceases upon the death of the dependent, is a question which must be decided by the general provisions of the act interpreted in the light of the object which the act was passed to effect.

The act recognizes that a personal injury suffered by an employee arising out of and in the course of his employment is an incident of the business in which he is employed. In consequence of that the act provides that as a matter of justice the resulting burden should be borne by the business without regard to the question of fault on the part of the employer or of the employee. The only exception to this is where the injury is caused by the serious and wilful misconduct of the employee. In that case no compensation is given.

In carrying out this object it was provided that, where death results from an injury within the act, the insurer shall pay to the dependent or dependents of the employee a weekly payment based upon the average weekly wages of the deceased employee. Dependents are defined by the act to be members of the employee's family or next of kin who were wholly or partly dependent for support upon the earnings of the employee at the time of the injury.

In the case at bar, as we have said, the original petitioner, being the mother of the employee, was his sole next of kin and under the findings of the Industrial Accident Board was wholly dependent upon the deceased for her support. The act in effect provides that as a measure of justice, the mother (the sole next of kin of the deceased in the case at bar) should receive, in lieu of the help she got from the wages of the deceased while he lived, a payment for three hundred weeks based upon the amount of his wages. When she died the occasion for making compensation to her (which the act as matter of justice required should be made) came to an end.

To hold that the dependent's right to compensation is a vested right, which passes to a legatee by will, and in case of intestacy goes to the dependent's next of kin, would be to put upon the insurer a burden not called for by the object which the act was passed to attain. In addition, the compensation awarded the dependent would go in that case to persons altogether outside the class contemplated by the act. So construed the act would or might enrich strangers in place of doing justice to the family and next of kin of an employee killed in the course of, and so as an incident to, the business in which he was employed.

The opposite result has been reached in England and in Ohio. But both those decisions were founded on provisions of the acts there in question which were not like the provisions of our workmen's compensation act. The decision in *United Collieries, Ltd.* v. *Simpson*, [1909] A. C. 383, was based upon the provision of the English act, that in case the employee was killed a lump sum should be paid to those dependent upon him. St. 6 Edw. VII, c. 58, § 1, cl. 1, and schd. 1, § 1, and (*a*) (i). The decision in Ohio (*State* v. *Industrial Commission of Ohio*, 92 Ohio St. 434, 436, 437) was founded on a provision of the act that in the case of persons wholly dependent "the payment shall be sixty-six and two-thirds per cent of the average weekly wages, and to continue for the remainder of the period between the date of the death, and six years after the date of injury." This provision, construed in the light of the report of the commissioners, was held by the court to mean what by a literal interpretation of its words it provided.

For these reasons we are of opinion, that although there is no

express provision to that effect in the act, the weekly payment to be made to the dependent comes to an end when the dependent dies. It follows that the decree appealed from must be modified.

It has been suggested that this case should be sent back in order that a motion might be made to the board under the supervisory power given it by the act (St. 1911, c. 751, Part III, § 12, amended by St. 1914, c. 708, § 11) for an award to some one other than the deceased mother. But in exercising this supervisory power the board is limited in reviewing an order for a weekly payment to making one "subject to the provisions of this act." In the case at bar the deceased had no family. His mother (since deceased) was his only next of kin "at the time of the injury," when by the terms of the act (St. 1911, c. 751, Part V, § 2) the persons dependent upon him, in the case at bar his next of kin, are to be ascertained. The act provides that in case the employee dies of his injury, compensation shall be awarded to those persons who were in fact his next of kin or members of his family at the time of the injury and who in fact were dependent upon him for support at that time. It does not authorize an award of compensation to be made, for example, to persons who would have been his next of kin if his sole next of kin had been dead, and who were not in fact dependent upon him but might have been dependent upon him had it been that the next of kin who was dependent upon him had died. It follows that in the case at bar no order in favor of any one else could be made now.

There may be cases where on the subsequent death of the dependent it would be proper to send the case back for an opportunity to make a motion under St. 1911, c. 751, Part II, § 7, for a review of the order for compensation. The case where an employee dies of an injury within the act leaving a widow and children by such widow under eighteen years of age would seem to be such a case. It is provided by St. 1911, c. 751, Part II, § 7, as amended by St. 1914, c. 708, § 3, that in such a case the whole compensation shall be paid to the mother to the exclusion of the children. *McNicol's Case*, 215 Mass. 497. In that case the minor children as well as the widow are next of kin to the deceased. Without doubt the reason why the minor children in that case are not included among the persons to whom the com-

pensation can be awarded is because it is assumed that the compensation paid to the widow will be used by her in the support of such minor children, and that as a matter of administrative justice it is better to pay the whole to the widow than to divide the compensation between the widow and such minor children. On the subsequent death of the widow (in case the widow afterwards dies) this reason ceases to exist. In such a case unless the order directing payment to be made to the widow can be reviewed, a gross injustice would be done to such minor children. And this injustice is intensified by the provision of St. 1911, c. 751, Part II, § 7, that where there is no surviving dependent such minor children are conclusively presumed to have been dependent upon the deceased employee. Upon this point it is not necessary now to come to a final decision.

The result is that the dependent mother was entitled to compensation from the date of the injury to the date of her death. The decree must be modified accordingly and so modified is affirmed.

*So ordered.*

The case was submitted on briefs at the sitting of the court in November, 1915, and afterwards was submitted on briefs to all the justices except *Carroll,* J.

*A. L. Green & F. F. Bennett,* for the insurer and the employer.

*T. J. O'Connor,* for the administrator of the estate of the dependent mother.