SMITH v. SOUTHERN SURETY CO.
(No. 7308.)

(Court of Civil Appeals of Texas. Galveston. Feb. 9, 1917. Rehearing Denied March 8, 1917.)

MASTER AND SERVANT ☞400 — COMPENSATION ACT—ACTION FOR DEATH COMPENSATION—LEGAL BENEFICIARY.

Under Compensation Act (Acts 1913, c. 179), pt. 1, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246i), providing that employés of a subscriber shall have no right of action against him, and that representatives and beneficiaries shall look for compensation to the Texas Employés' Association, etc., and section 8 (article 5246kk), providing that, where death results from injury, the association shall pay the "legal beneficiary" of the deceased employé, etc., and in view of part 1, § 9 (article 5246l), a temporary administrator of a deceased employé survived by legal beneficiaries entitled to compensation for his death cannot maintain an action for such compensation.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by Walter T. Smith, temporary administrator, under Compensation Act, to recover compensation for the death of Chas. A. Lewis, employé, against the Southern Surety Company, insurer. Judgment for insurer, and plaintiff appeals. Affirmed.

Stewarts, of Galveston, for appellant. A. G. Moseley, of St. Louis, Mo., and Burgess, Burgess, Germany & Chrestman, of Dallas, for appellee.

GRAVES, J. This is an action brought by Walter T. Smith, temporary administrator of the estate of Chas. A. Lewis, deceased, under an appointment by the county court of Galveston county, with power to institute such action.

The plaintiff's decedent, Chas. A. Lewis, was on the 17th day of August, 1915, employed by the Standard American Dredging Company upon the dredge boat Houston, which was wrecked and sunk in Galveston Bay by a hurricane of that day. Capt. Chas. A. Lewis, together with 38 other employés upon the dredge boat at that time, was drowned. The Standard American Dredging Com-

pany, complying with the Compensation Law of Texas, carried and subscribed for employés' compensation insurance, for the benefit of all its employés, in the Southern Surety Company.

The plaintiff qualified as administrator of Capt. Lewis' estate and made claim against the Southern Surety Company for the compensation due the beneficiaries, and, being unable to secure its payment through the Industrial Accident Board, as appears in the petition, he brought suit against the Southern Surety Company for damages for breach of contract.

The defendant excepted to the petition upon the ground that there was no right of action in the administrator to maintain such an action, and the court, sustaining such exception, dismissed the petition, to which order of the court the plaintiff excepted and gave notice of appeal, and he now prosecutes such appeal upon the following assignment of error:

"The court erred in sustaining the exceptions of defendant, which are directed to the right of the plaintiff to maintain this cause of action in the capacity of an administrator, and in dismissing this suit for the reason that such right is specifically given to and vested in this plaintiff as the representative and administrator of the intestate decedent, Chas. A. Lewis, by the statute of the state of Texas in such cases made and provided."

The quoted assignment is the only one filed, and both litigants concede that the question there raised—that is, whether or not, under the Texas Compensation Act (chapter 179, Acts of 1913; Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), the administrator of a decedent, survived by legal beneficiaries entitled to distribution of the compensation provided for by law, can maintain an action for such compensation, is the sole question involved in this appeal. We here set out either verbatim or in substance what we regard as the relevant parts of said act:

Part 1, § 3, provides:

"The employés of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employers for damages for injuries resulting in death, but such employés and their representatives and beneficiaries shall look for compensation solely to the Texas Employés Insurance Association as the same is hereinafter provided for."

Section 8, pt. 1, reads:

"If death should result from injury, the association hereinafter created, shall pay to the legal beneficiary of the deceased employé a weekly payment equal to sixty per cent. of his average weekly wages," etc.

Section 3, pt. 1:

" * * * Provided, that all compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment and all other suits or claims, as are current wages now exempted by law."

Section 9, pt. 1, provides that, if deceased leaves no legal beneficiaries or creditors, the association shall pay all expenses incident to his last sickness, etc., but where deceased leaves no beneficiaries and leaves creditors, the association shall be liable to such creditors for an amount not exceeding the amount that would otherwise have been due beneficiaries, or so much thereof as might be necessary to take care of the debt.

Looking, then, to all these relevant provisions of the act, as we must do for a proper determination of the meaning of any one considered doubtful from its own terms alone, we cannot agree to the construction placed by appellant upon said part 1, § 3. It seems to us that, under the very plain terms of the act, especially part 1, § 8, the benefits vest absolutely in the legal heirs of the deceased immediately upon his death, and not in his estate. If this be true, then it necessarily follows that the administrator of his estate cannot have any interest in the fund, and consequently cannot maintain an action to recover it. If the decedent had left no legal beneficiaries, but had left creditors, neither of which conditions existed here, then the compensation or fund would have belonged to such creditors, not to exceed the amount due them, but only in that event. Such, it seems to us, is not only the evident purpose of the Compensation Act, but its plainly expressed meaning in the sections referred to and quoted. Indeed, appellant concedes, both in his pleading in the trial court and his brief in this court, "that such decedent was survived by legal beneficiaries, who are entitled to distribution of the compensation provided by law"; yet he insists that, nevertheless, the right to maintain an action for such compensation is still given to the administrator. But, as above stated, we think the conclusion that the absolute ownership of the fund vested at once, upon the decedent's death, in his heirs, determines the case.

Appellant is temporary administrator of the estate of a deceased person. The claim upon which he sues is by the law creating it the specific property of legal beneficiaries living. The conclusion then is inevitable that the temporary administrator of a deceased person, whose right and interest in the fund provided in the policy terminated upon his death, could have no legal or remedial interest in the subject-matter of the suit as brought. In other words, plaintiff must hold a legal title to the cause of action. 30 Cyc. 21, 32 and 33; section 8, pt. 1, c. 179, Acts 1913; Vernon's Sayles' Statutes, art. 4724; Rivera v. Railway Co., 149 S. W. 223; Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Vernon's Sayles' Statutes, art. 3279; Angier v. Jones, 28 Tex. Civ. App. 402, 67 S. W. 449; Fourth Nat. Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, 30 L. Ed. 825; Lumber Co. v. Hubbert, 112 Fed. 718, 50 C. C. A. 435.

From what has been said it follows that the learned judge who tried the case did not err in sustaining the exception to plaintiff's

petition and in dismissing the cause, and that judgment will be in all things affirmed.

Affirmed.