For plaintiff: John P. Beagan.

For defendant: Edmund H. McCarthy.

---

## 303
A. F. Morse Company
vs. } Agent No. 6510
Emma Duffney et al.
### DECISION
March 12, 1919

DORAN, J. Compensation case.

The workman was killed, leaving no widow or descendants. By agreement approved by this Court, it was established that his father and mother were partly dependent on him and that the employer should pay $2 a week to the father and $2 a week to the mother for 300 weeks. The mother died. The employer continued paying $2 a week to the father but refused to pay more on the mother's account. Her administrator claims that her allotment should be paid to him.

Certain cases in reports of industrial commissions referred to by counsel and by Bradbury Comp. pp. 803, 804, are not accessible. The English act is said to vary materially from acts like ours. The only cases cited really helpful on the question involved are

Murphy v. Aetna &c. 224 Mass. 592,

Mateeney v. Vierling, 187 Ill. Ap 448, and

Munding v. Industrial Com. 92 Ohio St. 434.

The first two hold that the right to payment dies with the dependent. the third, that the award is like a judgment for the total of weekly installments but payable weekly. The Illinois case is an authority in favor of the employer here though in the Illinois case the issue with which we are concerned was somewhat

confused with a claim that the Illinois act' made non dependent heirs of the workman beneficiaries under the award. The Massachusetts act, Cap. 751, laws of 1911 resembles ours, differing, 1st, in not stating, except by implication, for how long a time a partly dependent person shall receive payments, and, 2nd, in not stating what is to happen if a wholly dependent widow after receiving an award dies, there being children of the workman. The part of the Ohio act concerned in above Ohio case is very like ours.

Our act, Art. II, sec. 6, in part reads:

**304**

"If the dependent of the employee to whom the compensation shall be payable upon his death is the widow of such employee, upon her death the compensation thereafter payable under this act shall be paid to the child or children of the deceased employee" &c. The expression "the compensation thereafter payable" contains some implication that there is compensation payable after the death of the dependant. The act does not tell what is to happen if a beneficary partly dependent dies during the 300 weeks, but the directions for payment are the same in both cases:

"Shall pay the dependents of the employee wholly dependent * * a weekly payment * * * for a period of 300 weeks", and

"The employer shall pay such (partly) dependents for a period of 300 weeks" etc.

Sec. 7 of said Art. II contains this provision, "In such other cases * * * * persons partly dependent if any shall receive no part thereof during the period in which compensation is paid to persons wholly dependent." This suggests the possibility of compensation being paid, first to persons wholly dependent and thereafter to persons partly dependent, and if and when such a condition existed the rights of those totally dependent could not exhaust all compensation, but the provision quoted applies only to cases where there are

both total and partial dependents and where there are no wife, husband or children of the employee.

Decision for payment to the administrator of accrued unpaid installments and for continuing payment of instalments accruing on account of Emma Duffney.

For dependents: James F. Murphy, James M. Grillrain.

For employer: Gardner, Pirce and Thornely.