GEORGE DUFFNEY *vs.* A. F. MORSE LUMBER COMPANY.

JULY 1, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1) *Workmen's Compensation Act. Vested Right in Payment to Partial Dependent.*

The right of a mother of a deceased employee, to payment as a partial dependent, under an agreement made under the Workman's Compensation Act, is not vested and does not pass to the administrator of the dependent but ceases with her death.

PETITION under Workmen's Compensation Act. Heard on appeal of respondent and sustained.

PARKHURST, C. J.   This case comes before this court upon the respondent's appeal from a decree of the Superior Court. By this decree the respondent was ordered to pay to the petitioner as administrator of the estate of Emma Duffney, his wife, weekly compensation at the rate of $2 a week, beginning January 16, 1918, until the expiration of the period of three hundred weeks from December 11, 1916, the date of the injury of the deceased employee, Dave Duffney, which payments would have been payable to Emma Duffney, if she had lived, under the Workmen's Compensation Agreement No. 6510, filed in Superior Court February 1, 1917, and approved by the Superior Court on February 8, 1917.

By the terms of this agreement it appears that George Duffney and Emma Duffney, his wife, were the parents of Dave Duffney, the deceased employee, were partially dependent upon his earnings for support at the time of his death, and payments of $2 a week were agreed to be paid by the said respondent as employer to each of the said partial dependents, "to begin as of December 11, 1916, and to continue for a period not to exceed 300 weeks from December 11th, 1916." Under this agreement payments of $2 a week were made to each of these partial dependents from December 11, 1916 to January 9, 1918, on which date Emma Duffney died. During that period of time the respondent took from each of the said dependents separate receipts for the weekly payments of compensation of $2.

Since January 9, 1918, the employer has paid to the said petitioner under this agreement the sum of $2 weekly, but has refused to pay to him the weekly payments of $2 formerly made to Emma Duffney. In June, 1918, the petitioner as "a dependent" brought a petition against the respondent, claiming that he was entitled to the compensation formerly paid to his wife under the agreement on the ground that he was the sole surviving dependent of his son, Dave Duffney, and also on the ground that the right of Emma Duffney to

compensation under the agreement was a vested one and passed to him as her "surviving husband"; and accordingly he prayed for the enforcement of the agreement so that this weekly sum of $2 formerly paid to Emma Duffney should be paid to him for the balance of the compensation period. This petition was heard before Mr. Presiding Justice TANNER, who filed a rescript denying the petition on the ground, first, that even if the right of Emma Duffney to compensation under the agreement was a vested one, yet it did not pass to the petitioner because he had not been appointed administrator, and secondly, because the mere survivorship of the petitioner did not entitle him to all the compensation payable under the agreement to himself and wife.

Later, on January 4, 1919, the petitioner filed an amended petition substantially to the same effect as the former one, except that it was alleged that George Duffney had been appointed administrator of the personal estate of Emma Duffney, his wife, and had given a bond to pay the debts of his wife, and was therefore "entitled to demand and recover as his own property, the remaining weekly sums of $2 each accruing after the death of said Emma Duffney under said memorandum of agreement." This amended petition was heard before Mr. Justice DORAN, who rendered a decision in which he held that the right of Emma Duffney as partial dependent under the compensation agreement was a vested one and upon her death passed to the petitioner as administrator of her estate. Thereafter a decree was entered by Mr. Justice DORAN in which it was decreed as follows:

"(1)   That the said petitioner is not entitled to said compensation formerly paid to his wife, Emma Duffney, under said agreement as surviving dependent.

(2)   That the right of the said Emma Duffney to compensation under said agreement was a vested right which survived her death and passed to the said petitioner as administrator of her estate.

(3)   That as administrator of the estate of Emma Duffney the said petitioner is entitled to receive compensation at the

rate of $2 per week beginning January 16, 1918, until the expiration of the period of three hundred weeks, beginning December 11, 1916, the date of the injury to the said Dave Duffney, deceased, which said payments would have been payable under said agreement to the said Emma Duffney if she had lived.''

To this decree the respondent duly filed its claim of appeal and reasons therefor and has duly prosecuted its appeal to this court, and this appeal is now before us.

The principal question, decisive of this case, is whether or not the right of Emma Duffney, (mother of the deceased employee, and a partial dependent upon him at the time of his death) to receive $2 per week as compensation under the agreement was vested in her and passed to her administrator upon her death.

(1)    The provisions of the "Workmen's Compensation Act" of Rhode Island, being Chap. 831, Pub. Laws, January, 1912, p. 424, *et seq.*, which are important in this case may be briefly stated as follows:   By the terms of Section 6 of Article II of our Workmen's Compensation Act it is provided that in case the employee dies as a result of the injury, the employer shall make certain payments to his dependents.   If the dependent to whom the compensation shall be payable is the widow of the employee, then it is provided that "upon her death the compensation thereafter payable under this act shall be paid to the child or children of the deceased employee, including adopted and stepchildren, under the age of eighteen years, or over said age, but physically or mentally incapacitated from earning, dependent upon the widow at the time of her death."   It is also provided that where weekly payments have been made to the injured employee before his death, then "the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than three hundred weeks from the date of the injury:   *Provided, however*, that if the deceased leaves no dependents at the time of the injury, the employer shall not be liable to pay compensation

under this act except as specifically provided in Section 9 of this article". Section 9 provides that where an employee dies leaving no dependents at the time of his injury, then the employer shall pay the reasonable expense of his last sickness and burial, which shall not exceed $200.

It is also provided in Section 7 of Article II that in all cases except those of a dependent wife, husband or children, "questions of entire or partial dependency shall be determined in accordance with the fact as the fact may have been at the time of the injury"; that "if there is more than one person wholly dependent, the compensation shall be divided equally among them, and persons partly dependent, if any, shall receive no part thereof during the period in which compensation is paid to persons wholly dependent"; and that "if there is no one wholly dependent and more than one person partly dependent, the compensation shall be divided among them according to the relative extent of their dependency".

Another section of the Act relative to the question at issue is Section 8, Article II, which provides that "no person shall be considered a dependent unless he is a member of the employee's family or next of kin, wholly or partly dependent upon the wages, earnings or salary of the employee for support at the time of the injury". Section 23 provides that "no claims for compensation under this act, or under any alternative scheme permitted by Article IV of this act, shall be assignable, or subject to attachment, or liable in any way for any debts".

There is no express provision of the act for the further or future payment of any sum of money awarded to a partial dependent, such as was the mother of the deceased employee in the case at bar, after her death, to any other person, (such as exists in case of the dependent widow leaving children within certain ages and conditions).

No case in this State has dealt with this question, but it has been passed upon in other jurisdictions. In *Murphy's Case*, 224 Mass. 592, under the Massachusetts Act, which in essential respects is similar to ours, the sole dependent

of the deceased employee was his mother and she died while her claim for compensation was pending. After her death her administrator intervened, and the Industrial Accident Board 'made an award of compensation based on total dependency and the Superior Court confirmed this award and ordered that compensation should be paid to the administrator for the period of three hundred weeks under the Massachusetts Compensation Act. The Supreme Judicial Court in reversing this decision held that the estate of the dependent mother was entitled to compensation from the date of the injury to the date of her death, but that her administrator had no right to further compensation, since the right of the dependent mother to compensation was not a vested right which passed to her legal representatives. The court said at page 594: "'To hold that the dependent's right to compensation is a vested right, which passes to a legatee by will, and in case of intestacy goes to the dependent's next of kin, would be to put upon the insurer a burden not called for by the object which the act was passed to attain. In addition, the compensation awarded the dependent would go in that case to persons altogether outside the class contemplated by the act. So construed the act would or might enrich strangers in place of doing justice to the family and next of kin of an employee killed in the course of, and so as an incident to, the business in which he was employed.

"The opposite result has been reached in England and in Ohio. But both those decisions were founded on provisions of the acts there in question which were not like the provisions of our Workmen's Compensation Act. The decision in *United Collieries, Ltd.,* v. *Simpson,* (1909) A. C. 383, was based upon the provision of the English act, that in case the employee was killed a lump sum should be paid to those dependent upon him." . . . "The decision in Ohio (*State* v. *Industrial Commission of Ohio,* 92 Ohio St. 434, 436, 437) was founded on a provision of the act that in the case of persons wholly dependent 'the payment shall be sixty-six

and two-thirds per cent of the average weekly wages, and to continue for the remainder of the period between the date of the death, and six years after the date of injury.' This provision, construed in the light of the report of the commissioners, was held by the court to mean what by a literal interpretation of its words it provided.

"For these reasons we are of opinion, that although there is no express provision to that effect in the act, the weekly payment to be made to the dependent comes to an end when the dependent dies."

In *Bartoni's Case*, 225 Mass. 349, 353, the Massachusetts Court, following *Murphy's Case, supra*, held that under the Workmen's Compensation Act the right to a weekly award for the death of a deceased employee is not vested absolutely in his widow, but continues only during her life and ceases with her death.   In the Massachusetts Act there is no provision, as in ours, that in the case of the death of a dependent widow, the compensation shall thereafter be paid to the children of the deceased employee, dependent upon her for support at the time of her death.

The two cases above cited were referred to and approved by the Massachusetts Court in *Bott's Case*, 230 Mass. 152, where it was held that a widow awarded compensation for the death of her husband is not barred from receiving further payments as a dependent upon her remarriage, although the remarriage renders her no longer dependent for her support upon the payments received under the act.   On page 154 the court said :   "It was held in *Murphy's Case*, 224 Mass. 592, that the right to payments under the act was not vested, and ceased upon the death of the dependent.   But that decision does not reach to the point here raised.   Its reasoning in brief was that there was no provision in the act for payment to be made to anybody save to the dependents therein named, and nothing to indicate a purpose that the payments be made to the personal representatives of dependents in case of their death, and that to treat the right to such payments as passing to their executors or administrators

often would or might result in payments to persons in no way connected with the deceased employee or his family or kindred, and this might deprive some of his kindred in truth dependent upon his wages for support of any payment under the act. The practical justice of that decision is illustrated by *Bartoni's Case,* 225 Mass. 349, 354. The word 'dependents' as matter of construction did not seem rationally susceptible of including their personal representatives in case of their death, in view of the context of the act and its general purpose. That reasoning does not apply to the case at bar."

*Bott's Case, supra,* was cited with approval by this court in *Newton* v. *Rhode Island Company,* 42 R. I. 58, 63 (105 Atl. 363, page 365). This Massachusetts case clearly shows that the question decided by this court in *Newton* v. *Rhode Island Company, supra,* is quite different from the one involved here and consequently that case is not an authority in point here, as contended by the petitioner.

To the same effect, that the right to compensation awarded to an injured employee or to dependents is not a vested right and does not pass to a personal representative under Workmen's Compensation Acts of a nature substantially similar to our own, see also *Erie Railroad Co.* v. *Callaway,* 102 Atl. 6 (N. J.) (right of employee himself); *Ray Adm'r.* v. *Ind. Ins. Com.* 99 Wash. 176, 178 (right of employee himself); *Lahoma Oil Co.* v. *State Ind. Com. of Okla.,* 175 Pac. 836–7 (right of employee himself); *Wozneak* v. *Buffalo Gas Co.,* 161 N. Y. Supp. 675, 679 (right of employee himself); *Matecny* v. *Vierling Steel Works,* 187 Ill. App. 448, 458 (dependent mother); *Corcoran* v. *Farrel Fdy. & Mch. Co.,* 1 Conn. Comp. Dec. 42, 44, par. 24–25 (dependent mother); *Ledford* v. *Caspar Lumber Co.,* 2 Cal. Ind. Acc. Com. 679 (dependent mother).

Counsel for petitioner in their brief cite only a few cases under compensation acts in support of their position that the award of compensation to the dependent mother in this case was vested in her and at her death passed to her ad-

ministrator. Most of them are not in point; thus *Wangler &c. Co.* v. *Ind. Com.*, 122 N. E. 366 (Ill.) and *Hansen* v. *Brann & Stewart Co.*, 103 Atl. 696 (N. J.) support the doctrine laid down by this court in *Newton* v. *Rhode Island Co.*, 42 R. I. 58 (*supra*) that a widow receiving compensation as a dependent does not forfeit the same by remarriage. *Roma* v. *Ind. Com.*, 119 N. E. 461 (Ohio) has no bearing on this case; *Smith* v. *Southern Surety Co.*, 193 S. W. 204 (Tex.) has no application; the provisions of the Texas act are radically different, the scheme and method of payment are entirely different; it is held that a temporary administrator of a deceased employee cannot recover because the plain terms of the act point out the destination of the compensation in case of the death of the injured employee. *Re Constantine Towle*, Op. Sol. Dept. of Labor, p. 565, is under the Federal Compensation Act and, so far as it goes, is against the petitioner in that it finds that when the dependent widow of a deceased employee, having received an award died one week thereafter, the amount accrued between the death of the employee and *her death* became a part of her estate. This *Towle* case is incorrectly stated in Bradbury's W. C. L., 3d Ed. 803–804, also cited by petitioner, which probably accounts for the citation of this case by the petitioner. *Monson* v. *Battelle*, 170 Pac. 801 (Kan.) simply holds that a lump sum judgment in favor of an injured workman under the Workmen's Compensation Act does not abate by his death, but may be revived in the name of an administrator. It appeared in that case that before the death of the injured workman there had been a judgment entered in his favor, commuting all future payments of compensation to a lump sum and pending the appeal by the employer, which was later denied, the employee died. The court said at page 802: "In the present case the plaintiff had obtained an absolute personal judgment requiring the immediate payment of a fixed amount. It was the legal duty of the defendant to pay it at once, unless a stay should be procured pending an appeal. If payment had been made, the money would have been

wholly at the disposal of the plaintiff. If the final result is an affirmance, it will amount to an adjudication that the rights of the parties shall remain as fixed at the time the judgment was rendered. The defendant gains no immunity from the fact of his having taken an appeal which is ultimately determined not to have been well founded."

The petitioner also cites in support of his contention *United Collieries, Ltd.* v. *Simpson,* (1909) A. C. 383, a Scotch case on appeal in the House of Lords under the English Act of 1906; (see also 2 Butt. W. C. C. 308); and the case *State* v. *Industrial Com. of Ohio,* 92 Ohio St. 434; both of these cases were cited by the Massachusetts Court in *Murphy's Case,* 224 Mass. 592, 594, from which we quote, *supra:* These cases have been fully examined and we are of the same opinion as was expressed in *Murphy's Case* with regard to the difference between the several acts under consideration; we do not find either in the English case or in the Ohio case any aid or controlling value in determining the true construction of our own act.

We find upon the petitioner's brief a large number of cases cited relating to the vesting of various kinds of incorporeal hereditaments or property rights or interests, such as rights under patents, ferry franchises, water-rights and rights of flowage, annuities under wills or trusts, alimony, rights under contracts, &c., &c., from which petitioner seems to endeavor to draw arguments by way of analogy in support of his claim that his wife had a vested interest in the compensation agreed to be paid to her in this case. A great number of these cases have been examined; but we do not find in them any support for the petitioner's contention or any aid in the construction of the Act here under consideration, and there is no occasion to refer to any of them more particularly.

After due consideration of all the cases cited we find that the weight of authority, under acts similar to our own, is against the petitioner; that the compensation agreed to be paid to the dependent mother was not vested and did not pass over to her administrator but ceased with her death.

We therefore hold that the decree appealed from was erroneous and should be reversed.

The appeal is allowed, the decree appealed from is reversed, and the cause is remanded to the Superior Court sitting in Providence County with direction to dismiss the petition.

*James F. Murphy, James M. Gillrain,* for petitioner.

*Gardner, Pirce & Thornley,* for respondent. *Charles R. Haslam,* of counsel.