Before STATE INDUSTRIAL BOARD, Respondent.

MARY CONRAD, Respondent, *v.* GLENHAM EMBROIDERY COMPANY
and Another, Appellants.

Third Department, July 1, 1925.

Workmen's compensation — award — award to dependent mother of
compensation which had not accrued at time of employee's death
from causes other than injury for which award to employee was made,
not authorized by Workmen's Compensation Law of 1922, § 15, subd. 4,
or § 33 — mother had right to award for death benefits under Workmen's
Compensation Law of 1922, § 16.

An award to an employee's dependent mother of the amount of an award to the
employee, made under subdivision 3 of section 15 of the Workmen's Com-
pensation Law of 1922, which had not accrued at the time of his death from
causes other than the injury for which his award was made, is not authorized by
subdivision 4 of said section or section 33.

The mother's only right, if any, in this case was to an award for death benefits
under section 16 of the Workmen's Compensation Law of 1922.

APPEAL by Glenham Embroidery Company and another from an
award of the State Industrial Board, made on the 20th day of June,
1924.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-
General,* of counsel], for the respondents.

VAN KIRK, J.:

Fred Conrad, on May 26, 1923, while engaged in his regular
occupation, was injured, the thumb of his left hand being crushed
and broken. On or about August 30, 1923, it appearing that he
had suffered a total loss of his thumb, a schedule award was made
for sixty weeks at fifteen dollars and fifty-eight cents a week. From
this award no appeal has been taken. On November 21, 1923,
while engaged in another employment, he received injuries from
which he died; his death being in no way connected with the accident
of May twenty-sixth. Further hearing was then had. It was
established that the claimant here, Mary Conrad, the mother of
Fred Conrad, deceased, was dependent upon him and the award
was made to her from which this appeal is taken, as follows:
" 36 weeks compensation still unpaid in the disability case at
$15.58 a week, or $560.88, to be paid to the mother, Mrs. Mary
Conrad. Case closed." It was shown that he had received full
payment of compensation to the time of his death, November 21,
1923. At that time substantially twenty-four weeks of the period
covered by the award to him had expired and the remaining thirty-

six weeks, for which the award to the mother is made, is for the period of the award which had not expired at the time of his death.

The appellants contend that this award is unjustified under the statute. Claimant seeks to justify it. (Workmen's Compensation Law of 1922, § 15, subd. 4; Id. § 33.) Section 15, subdivision 4, does not apply. It provides: "An award made to a claimant under subdivision three shall in case of death arising from causes other than the injury be payable to and for the benefit of the persons following:" Then follow provisions for payment to a surviving wife or dependent husband, or to surviving child or children under eighteen years of age, but no provision for payment to a dependent mother. It will be noticed that this subdivision covers (1) only awards made under subdivision 3 of section 15, which covers permanent partial disability only; (2) in cases where the death arises from causes other than the injury, that is, where death benefits cannot be awarded. The award in this case was made under subdivision 3 of section 15 and the death arose from causes other than the injury; so that, if the award were payable to a dependent mother, it would be exactly within this subdivision. An opinion, however, is not called for whether, had there been a surviving wife or surviving children under the age of eighteen years, the payments made after the death of the employee could have been awarded to the widow or children.

Section 33, so far as material, provides: "In case of the death of an injured employee to whom there was due at the time of his, or her death any compensation under the provisions of this chapter, the amount of such compensation shall be payable to the surviving wife or husband, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving wife or children, then to the dependents of such deceased employee or to any of them as the Commission may direct. An award for disability may be made after the death of the injured employee." Section 25 of the act provides: "The compensation herein provided for shall be paid periodically and promptly in like manner as wages, and as it accrues, and directly to the person entitled thereto without waiting for an award by the Industrial Board, except in those cases in which the right to compensation is controverted by the employer." Further in this section* it is provided when the first payment shall be made and that thereafter compensation is payable bi-weekly. Therefore, compensation under this act is payable, where the claim is not controverted, bi-weekly, and, when an award has been made, in accordance with the terms of the award, and

---

* Since amd. by Laws of 1925, chap. 657.— [REP.

compensation becomes due as the time of each payment arrives. Compensation for disability is not due under the act as to payments which mature after the death of the claimant. Except as provided in section 15, subdivision 4, above referred to, an award for unmatured payments for disability cannot be made to any one; but, after the death of the employee, awards for death benefits may be made to the parties entitled thereto. (See Workmen's Compensation Law of 1922, § 16, as amd.)

The award should, therefore, be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.