ERNEST SANBORN'S (dependent's) CASE.

Suffolk.    April 5, 1939. — May 24, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Period of compensation, Compensation for death, Burial expenses.

The time for determining the extent to which the period of payment of compensation under the workmen's compensation act shall be diminished under G. L. (Ter. Ed.) c. 152, § 33, by reason of payment by the insurer of burial expenses of an employee who died on the day of injury is the date of injury and death.

Upon payment by an insurer under G. L. (Ter. Ed.) c. 152, § 33, of burial expenses in the sum of $150 following the compensable death on the day of injury of an employee leaving a widow and one minor child, the period of four hundred weeks of payments under § 31 was shortened twelve and one half weeks under § 33, and, upon the widow's remarriage after three hundred eight weeks, payments still were due the minor child at $3 per week for seventy-nine and one half weeks.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board that, on the death of an employee from compensable injuries, leaving a widow and one minor child, a payment by the insurer of $150 as burial expense shortened the period of four hundred weeks; that, upon remarriage of the widow after three hundred eight weeks, compensation at $3 per week became still due the minor child for seventy-nine and one half weeks, and that, such compensation having been paid for forty-two weeks, compensation for thirty-seven and one half weeks, or $112.50 still was due and should be paid.

A final decree was entered by order of *Greenhalge*, J., in accordance with the board's decision. The insurer appealed.

*E. E. Andrews & J. F. Scannell*, for the insurer, submitted a brief.

*D. Santry*, for the claimant.

Cox, J. The employee, as a result of a personal injury received by him in the course of, and arising out of, his employment, died on November 16, 1928, leaving a wife

and one minor child, Marjorie Sanborn.   Compensation, amounting to $3,696, was paid to the widow at the rate of $12 a week from the date of injury, November 16, 1928, through October 11, 1934, a period of three hundred eight weeks.   The widow remarried on October 12, 1934. Compensation, amounting to $126, was paid to the child at the rate of $3 a week from October 12, 1934, through August 1, 1935, a period of forty-two weeks, making a total period of three hundred fifty weeks during which compensation was paid.

G. L. c. 152, § 33, as amended by St. 1922, c. 368, which was in effect at the time of the employee's death, provided as follows: "In all cases the insurer shall pay the reasonable expense of burial, not exceeding one hundred and fifty dollars.   If the employee leaves dependents, such sum shall be a part of the compensation payable, and shall to that extent shorten the period of payment."   About November 30, 1928, the insurer paid $150 in accordance with the provisions of this section.

The only question to be determined is to what extent the period of payment is to be shortened by reason of this payment.   When the workmen's compensation act was originally enacted it contained the following provision: "If the employee leaves no dependents, the association shall pay the reasonable expense of his last sickness and burial, which shall not exceed two hundred dollars."   St. 1911, c. 751, Part II, § 8.   Said § 8 was amended by St. 1917, c. 269, so as to read as follows: "In all cases the association shall pay the reasonable expense of burial which shall not exceed one hundred dollars.   If the employee leaves dependents, such sum shall be a part of the compensation payable, and shall to that extent diminish the period of payment."   There has been no further material change in this section, except to increase the amount payable by the insurer to $150.   See St. 1922, c. 368;  G. L. (Ter. Ed.) c. 152, § 33.   See, however, St. 1939, c. 81, by which said § 33 is amended so as to read, "In all cases the insurer shall pay the reasonable expense of burial, not exceeding one hundred and fifty dollars."

The original act contained provisions for payments in the case of the death of the employee (St. 1911, c. 751, Part II, § 6); for the classification of persons conclusively presumed to be wholly dependent for support upon a deceased employee; and also provisions as to partial dependency. (See § 7.) Although said § 8 originally provided for the payment of the reasonable expense of the last sickness and burial only in cases where the employee left no dependents, nevertheless it is to be noted that said § 7 provided that in the case of more than one dependent child the death benefit should be divided equally among them, and that, in other cases of dependency, if there was no one wholly dependent and more than one person partly dependent, the death benefit should be divided among them according to the relative extent of their dependency. The amendment of said § 7 by St. 1914, c. 708, § 3, contained similar provisions for equal payments and for the division of payments among dependents, and a further provision that, "in the event of the death of an employee who has at the time of his death a living child or children by a former wife or husband, under the age of eighteen years, (or over said age, but physically or mentally incapacitated from earning,) said child or children shall be conclusively presumed to be wholly dependent for support upon such deceased employee, and the death benefit shall be divided between the surviving wife or husband and all the children of the deceased employee in equal shares, the surviving wife or husband taking the same share as a child." In *Coakley's Case*, 216 Mass. 71, decided in October, 1913, Chief Justice Rugg in discussing § 7 of St. 1911, c. 751, Part II, said at page 73: "Reading the section as a whole the purpose appears to be, though disclosed in language not completely free from obscurity, to divide the payments equally among those conclusively presumed to be wholly dependent. This is manifest by express words when there are two or more orphaned children. Equal division is provided also when, in case there is no one conclusively presumed to be wholly dependent and dependency is determined as a fact, more than one is found to be wholly dependent." In *McNicol's*

*Case*, 215 Mass. 497, 501, decided in 1913, one question was to whom the death benefit should be paid, the deceased employee having left a widow and a minor daughter presumably under the age of eighteen years. In interpreting said § 7 it was decided that the entire payment was to be made to the widow. In 1916, in *Murphy's Case*, 224 Mass. 592, it was decided that, although there was no express provision to that effect in the statute, nevertheless the weekly payment to be made to a dependent came to an end when the dependent died. It was in this general state of the law that St. 1917, c. 269, above referred to, was enacted.

The statute says nothing as to how the period of payment shall be diminished. We assume that the Legislature, when it enacted this statute, had in mind the state of the law at that time, and the possibilities of contingencies arising that would present practical difficulties in computing the shortened period of payment, as for example, where a dependent died during the payment period, or where, as already pointed out, the payment of death benefits was to be divided among several. The amount payable for the reasonable expense of burial was fixed at $150 by St. 1922, c. 368, enacted on May 2, 1922, and on May 11, of that same year, the then section of the General Laws (c. 152, § 31), containing the provisions for payments to dependents of an employee if death resulted from injury, was also amended, (St. 1922, c. 402), so as to provide that in case of the remarriage or death (see *Murphy's Case*, 224 Mass. 592) of the widow payments were to be made to the children of the employee. Although this last statute opened the door to further possibilities of divided payments of death benefits, yet the Legislature made no attempt to define the method by which the payment period of death benefits was to be diminished because of the payment of burial expenses. Prior to the enactment of St. 1922, c. 402, if the widow remarried, the payment of death benefits to her continued. *Bott's Case*, 230 Mass. 152.

With this background, and although the question is by no means free from difficulty, we are of the opinion that it

was the intention of the Legislature that the period of payment, as affected by the payment of burial expenses, was to be determined as of the date of injury. The reasonable expense of burial not exceeding $150 is a part of the compensation payable and is to be borne by the dependents. It is fair to assume that this burial expense will be paid soon after the death of the employee, although there is nothing in the statute that specifically provides for this. Compensation in the event of death accrues from the date of injury, subject to the exception that where, before death, weekly payments have been made to the employee, payments due the dependents begin from the date of the last of such payments. *Cripps's Case*, 216 Mass. 586, 589, 590. *Atamian's Case*, 265 Mass. 12, 16. It is to be expected that the amount payable to dependents will be determined without unreasonable delay as of these dates. The diminution of the period resulting from the payment of the burial expense must of necessity result in shortening the payment period at its end, and we think that the amount of reduction should be determined by dividing the sum paid by the insurer for the expenses of burial by the amount of the weekly payment found due to the dependent or dependents at the time of the death of the employee, and not, as contended by the insurer, by using as the divisor $3, which, in the case at bar, was the weekly sum payable to the minor child after her mother's remarriage. We realize that the adoption of this method of computation may possibly relieve some one of any part of the burden placed upon the dependents by reason of the payment of burial expense, as, in the case at bar, the widow who remarried, but we cannot think that it was the intention of the Legislature to place the entire burden of this expense, in the event of such remarriage, upon the minor child. If an attempt is made to allocate the burial expense, it is obvious that this cannot be done at the outset, or, for that matter, at any time with absolute certainty until the end of the payment period. We think it would be impracticable to leave the determination of the payment period in suspense and subject to the various contingencies that may arise during the payment

period of four hundred weeks, which was the limit provided by St. 1927, c. 309, § 6, amending G. L. c. 152, § 31. (See G. L. (Ter. Ed.) c. 152, § 31). Said § 6 provided: ". . . but if such widow remarries, the aforesaid payments to her shall terminate and the insurer shall pay each week to each of such children, if and so long as there are more than five, his or her proportionate part of sixteen dollars, and shall pay to each of such children, if and so long as there are five or less, three dollars a week. The total amount of such payments shall not be more than sixty-four hundred dollars and said payments shall not continue more than four hundred weeks." If it had been the intention of the Legislature to cast the entire burden of the burial expenses on such child or children, we think that it would have said so.

The case at bar calls for a decision as to how the payment period shall be shortened in the event of remarriage of the widow. A similar question might arise in case of her death. St. 1927, c. 309, § 6, provided that "if the widow dies, such amount as would have been payable had she lived shall be paid to the surviving children aforesaid in equal shares." The amount so payable to the widow was determined by said § 6, and was to continue only while she remained unmarried. It hardly seems that it could have been intended to have two rules for shortening the payment period, and, in the case of the death of the widow, the amount payable to the surviving children, being such amount as would have been payable to her had she lived, would seem to be the divisor intended by the Legislature to be used in determining by how many weeks the payment period is to be shortened. This has a tendency to confirm our conclusion in the case at bar.

This is not a case where costs should be allowed under G. L. (Ter. Ed.) c. 152, § 14. *Akins's Case*, 302 Mass. 562, 568, and cases cited.

*Decree affirmed.*