**TURNER v. CHRISTIAN HEURICH BREWING CO. et al.**

No. 9624.

United States Court of Appeals
District of Columbia.
Argued April 14, 1948.
Decided June 21, 1948.

MILLER, J., dissenting.

———◆———

Mr. Louis Ginberg, of Washington, D. C., for appellant.

Mr. Edward Bennett Williams, of Washington, D. C., with whom Mr. Howard Boyd, of Washington, D. C., was on the brief, for appellees.

Before STEPHENS, Chief Justice, and WILBUR K. MILLER and PROCTOR, Associate Justices.

PROCTOR, Associate Justice.

John Turner, hereafter referred to as employee, was awarded compensation for permanent partial disability suffered in the employ of Christian Heurich Brewing Company, appellee. The employee died intestate, without dependents, from causes unconnected with his disability. Benefit instalments had been regularly paid until his death. There remained a balance of $2905.-94. Richard Turner, administrator, appellant here, applied to the Commission for an order directing payment of the balance to him. The application was denied. He then filed suit in the District Court against the employer and insurance carrier, appellees, to enforce payment. Upon motion of appellees the complaint was dismissed. This appeal is from that order.

Appellant contends that the legal effect of the award was to create a vested right in the employee to the award and that upon his death the unpaid balance passed to his estate.

The opposing contentions are that the District Court lacked jurisdiction and that the award abated by death of the employee.

■ The first point is based upon the argument that as the claim was under $3000 the Municipal Court had exclusive jurisdiction. D.C.Code 1940, § 11—755. We think this does not follow. The Longshoremen's and Harbor Workers' Compensation Act, in force in the District of Columbia, D.C.Code 1940, §§ 36—501, 36—502, 33 U.S.C.A. Ch. 18, §§ 901 note, 921(c), provides that if an employer fails to comply with a final order of award any beneficiary may apply to the District Court to enforce the same. The jurisdiction thus imposed on the District Court is exclusive. The award to Turner, the employee, was a final order. Sec. 921(a) of said Act. The ad-

682

ministrator by his complaint does, in effect, claim to be the beneficiary of that award, upon the theory that the same was a fund which had vested in the employee, and upon his death passed as an asset to his estate. The claim, thus asserted, does invoke the court's consideration of the question as to whether the administrator was a beneficiary of the award within the meaning of the statute. If so, the District Court had jurisdiction; if not neither that court nor the Municipal Court had jurisdiction.

■ Compensation benefits rest solely upon statutory authority. The rights of beneficiaries are dependent upon and limited by the terms of the Act. Its purpose is to protect a disabled employee and his dependents. Marlin v. Cardillo, 68 App.D.C. 201, 95 F.2d 112. Many provisions refute any intention to benefit others, such as creditors and non-dependent relatives. Prohibition against assignment of benefits; exemption of benefits from claims of creditors; power in the Commission to modify or terminate an award; payment of benefits only to an injured employee, or if he dies from other cause, to a limited class of his dependents, and allowance of death benefits only to wife or specified classes of dependents, are clear indications of the personal and transient nature of an award. This conclusion is supported by overwhelming authority reflected in decisions of the courts of many states. See these leading cases: Tierney v. Tierney & Co., 176 Minn. 464, 223 N.W. 773; In re Murphy, 224 Mass. 592, 113 N.E. 283; Duffney v. A. F. Morse Lumber Co., 42 R.I. 260, 107 A. 225, 15 A.L.R. 810.

The National Act, now in force in the District of Columbia, is patterned after the New York Act. These acts contain similar provisions as to application of benefits after death of an injured employee. New York decisions uniformly hold, through a long line of cases, that a compensation award creates no vested rights. See Wozneak v. Buffalo Gas Company, 175 App.Div. 268, 161 N.Y.S. 675; Conrad v. Glenham Embroidery Co., 213 App.Div. 507, 210 N.Y.S. 701; Casmey v. George Parks' Sons Co., 229 N.Y. 623, 129 N.E. 933.

■ Doubtless, as the cases hold, the employee does acquire a vested right in unpaid benefit instalments which have become due and payable before his death. They pass to his estate if he dies without dependents. But in this case all matured instalments were paid to the date of the employee's death. He having died without dependents the unmatured portion of the award abated.

·Affirmed.

WILBUR K. MILLER, J., dissents.