Albert J. CYR, Deputy Commissioner, United States Employee's Compensation, Ninth Compensation District, Appellant,

v.

REISS STEAMSHIP CO., Appellee.

No. 12518.

United States Court of Appeals Sixth Circuit.

Feb. 15, 1956.

Alan S. Rosenthal, Washington, D. C., Geo. S. Leonard, Samuel D. Slade, Washington, D. C., Sumner Canary, Cleveland, Ohio, on the brief, for appellant.

Lucian Y. Ray, Cleveland, Ohio, Roman T. Keenen, McCreary, Hinslea & Ray, Cleveland, Ohio, on the brief, for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

Appellee's employee, Clarence R. Cark, was drowned while working aboard the vessel of a third party. His death occurred under circumstances which made appellee liable to his dependents for compensation under the terms of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

Within the time permitted by statute his dependent mother filed a claim under the Act with the appellant Deputy Commissioner. At the same time she filed a statutory notice of her election to sue the third party, reserving her rights against the appellee for deficiency compensation pursuant to Section 33 of the Act. 33 U.S.C.A. § 933.[1]

Cark's mother died while her claim before the appellant Deputy Commissioner was being held in abeyance under her notice of election to sue the third party. Subsequently, in a limitation proceeding brought by the third party, the mother's estate was awarded a sum less than that payable to her as compensation under the Act.

The appellant Deputy Commissioner subsequently denied the previously filed

---

1. "§ 933. *Compensation for injuries where third persons are liable.* (a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person. * * * (f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the Secretary of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter, a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person."

claim of Cark's mother for deficiency compensation, determining that since she had died prior to his award, "there is no person entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act for said death of the deceased employee," and he therefore ordered the appellee company to pay $1,000 into the special fund established by Section 44 of the Act, 33 U.S.C.A. § 944.[2] The district court set aside this order and award, and directed that the deficiency compensation claim which Cark's mother had filed before her death be allowed.

As stated by the district judge, the issue is whether the appellant Deputy Commissioner's "determination of 'entitlement' should have been based on entitlement at the time the deceased dependent elected to sue under Section 933, or entitlement at the time adjudication of the compensation claim was made. * * *" The court concluded that "if third party liability is involved, and the dependent elects to recover within the period prescribed by Section 913, Section 933 governs exclusively and entitlement is to be determined as of the time the election is made."

The provisions of the statute leave the question at issue incompletely resolved. Moreover, authority can be found consistent with the appellant's position as well as in support of the district court's conclusion. Compare Union Stevedoring Co. v. Willard, 3 Cir., 1953, 209 F.2d 198; Turner v. Christian Heurich Brewing Co., 1948, 83 U.S.App.D.C. 333, 169 F.2d 681; Employers Liability Assur. Corp. v. Monahan, 1 Cir., 1937, 91 F.2d 130 with Branham v. Terminal Shipping Co., 4 Cir., 1943, 136 F.2d 655; Federal Mut. Liability Ins. Co. v. Locke, 2 Cir., 1932, 60 F.2d 895.

In our opinion the district court's decision was correct. Upon Cark's death his mother was entitled to compensation under the Act. If she had not filed an election to sue the third party, but had demanded instead an immediate award, the appellant Deputy Commissioner would unquestionably have ordered the employer to pay statutory benefits to her from the date of Cark's death to the date of her death. When she made the election permitted by Section 33 of the Act, the appellee became and remained liable for any amount by which the recovery against the third party fell short of the compensation to which she was entitled by statute.

For the reasons here expressed and upon the authorities and reasoning contained in the thoroughly considered memorandum opinion of the district court, the judgment of that court is affirmed.

---

2. "§ 944. *Special fund.* (a) There is established in the Treasury of the United States a special fund * * *. (c) Payments into such fund shall be made as follows: (1) Each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death."