In the Matter of the Claim of CHARLOTTE BOGOLD, Appellant, against BOGOLD BROTHERS, INC., and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of CHARLES BOGOLD, Claimant, against BOGOLD BROTHERS, INC., Employer, and Another, Insurance Carrier.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, December 30, 1926.

Workmen's Compensation Law — lump sum award to injured employee — employee died before payment — father and mother dead — sister over eighteen years of age and actually dependent on said employee entitled to award under Workmen's Compensation Law, § 33.

Where an injured employee died before the payment to him of a lump sum award, his sister is entitled to said award under section 33 of the Workmen's Compensation Law, although she was over eighteen years of age, where it appears that she was actually dependent on said employee and that her father and mother were dead.

COCHRANE, P. J., dissents.

APPEAL in the first above-entitled proceeding by Charlotte Bogold from an award of the State Industrial Board made on the 15th day of July, 1925.

*Babcock & Sullivan* [*Philip A. Sullivan* of counsel], for the appellant.

*Frank J. O'Neill* [*William E. Lyons* and *Barnett Cohen* of counsel], for the employer and insurer, respondents.

*Albert Ottinger* [*E. C. Aiken* of counsel], for the respondent State Industrial Board.

McCANN, J.   On October 2, 1922, Charles Bogold, while in the course of his employment, received an injury which resulted in the amputation of his left leg below the knee.   Thereafter he filed a claim for compensation and an award was made to him.   This award was on September 6, 1923, changed to a lump sum award of $3,018.32 and the case was closed.   On October 2, 1923, and before the said award was paid, the claimant died.   After his death Charlotte Bogold, a sister, made a claim for the amount of the unpaid lump sum award and testimony was taken on June 4, 1924, which showed that at the time of his death Charles Bogold was thirty-three years of age and unmarried.   Charlotte testified that she was his sister; that she was twenty-eight years of age; that her father and mother were dead, her father having died when she was twelve years of age and her mother six years prior to the date of said hearing; that upon the death of her father she made her home with her mother and brothers.   She was obliged to leave school at the age of twelve years and from that time she kept house and did the housework. Her brother Charles allowed her twenty dollars a week to provide for the family and operate the house; that she did no outside work; that at times she was able to save a portion of this money for her spending money.   She also had another brother, Joseph, unmarried, and a sister a year or two older than she was; she testified that she was absolutely dependent upon the decedent for her maintenance and support.   After this hearing and on June 4, 1924, an award was made to Charlotte Bogold whereby the lump sum previously awarded to Charles Bogold was given to her under section 33 of the Workmen's Compensation Law and notice of such award was given on June 13, 1924.   On January 27, 1925, the case was ordered restored to the death calendar for the purpose of rescinding the award previously made and on July 15, 1925, the Industrial Board rendered a final decision whereby the carrier was instructed to pay to the Treasurer of the State of New York the sum of $500 in accordance with subdivision 8 of section 15, and $500 in accordance with subdivision 9 of section 15 of the Workmen's Compensation Law, and the previous award made to Charlotte Bogold on the ground that she was a dependent was rescinded and the case closed.   This is an appeal from that decision of the State Industrial Board, taken by Charlotte Bogold.   There is only one question involved on this appeal.   Section 16 of the Workmen's Compensation Law provides for the payment of death benefits alone.   Section 33 provides for the disposition of moneys due to an employee from an employer at the time of his death.   The Legislature had a right to make any provision it chose for the disposition of these funds.   It could have been left to dependents under eighteen years of age; it could have

been left to natural dependents or to individuals who had been adopted in and who had become dependent members of a family. It is well stated on the brief of the claimant, appellant, that if section 33 and section 16 provided for different methods of disposition of the same fund or benefits, then there would be logic in the reasoning of the Industrial Board, and there would be a necessity to harmonize the two sections, but such a condition does not prevail here. Section 16 provides for dependents who may be termed natural dependents by reason of their relationship to the deceased injured person, as distinguished from actual dependents, to which latter class this claimant, appellant, belongs. (*Matter of Yeople* v. *Rose Co.,* 223 N. Y. 687.)

The decision should be reversed, and the claim remitted, with costs to the appellant against the respondents Bogold Brothers, Inc., and Royal Indemnity Company, to abide the event.

VAN KIRK and HINMAN, JJ., concur.

HINMAN, J. The primary purpose of the Workmen's Compensation Law was to protect not only the individual workman and save him from carrying alone the burden of his industrial injury but to protect his immediate family and certain classes of dependent relatives, if death from industrial injury should cut off his disability awards. The Legislature has covered three sets of circumstances under which such death benefits could be enjoyed. Under section 15, subdivision 4, the Legislature contemplated that where a schedule award had been made for an arbitrary number of weeks as fixed by the statute, for the loss of an arm for example, and the employee died before the expiration of that period of weeks from a cause other than the injury, his surviving wife or children under eighteen, or both, should be entitled to such number of weekly payments as had not been paid, including those which had not yet fallen due at the time of his death. Dependency is not mentioned in that provision except as to a dependent husband. Even dependent children over eighteen years of age are not recognized. Under section 16, the Legislature contemplated death benefits only in cases where the injury causes death. Claims for death benefits are independent claims in no respect depending on the claim of the injured employee. The Legislature has made an arbitrary classification of those entitled to file such claims. In some cases dependency must be proved and in others not. Death benefits to a widow or a child under eighteen are not conditioned upon dependency. Death benefits are not payable to children over eighteen even if dependent. Actual dependency is mentioned in section 16 only in cases of grandchildren, brothers or sisters

under eighteen and the husband, parents or grandparents of any age. In the former cases compensation runs until the beneficiary is eighteen years of age and in the latter cases during actual dependency. Section 16 has been carefully elaborated to meet every intended contingency. The Legislature conceived, however, that circumstances would arise where compensation would be due a workman for a disability period preceding his death and not part of a schedule award under subdivision 3 of section 15 and where such compensation had not been paid to him at the time of his death. It belonged to him. It was an obligation that had accrued to him. Ordinarily it would be only a small amount covering a brief period of the past. Presumably he would have been receiving bi-weekly payments in the spirit prescribed by the law but actually his awards would not be paid in full to date or perhaps a just award or the payment of it would be withheld pending a review or an appeal. The Legislature intended that death of the workman in such a case should not be the means of permitting the carrier to save that payment. In the present case the payment that was due happened to be large because during the lifetime of the workman a lump sum award had been made. No appeal was pending but it had not been paid when he died. Such a case would be rare. No such lump sum award would be made if an early demise of the workman was reasonably to be anticipated. Section 33, however, expressly applies to "*any* compensation under the provisions of this chapter," that is "*due*" at the time of an employee's death. A sum is due when the time for its payment has arrived. If a lump sum award is directed to be paid at once, that compensation is "due." The history of this provision of section 33 is perhaps a helpful study. In the early compensation law, no form of death benefits was recognized except in section 16. Then this court, in *Wozneak* v. *Buffalo Gas Co.* (175 App. Div. 268), had this question certified to it by the Commissioner: "Did the award to Michael Wozneak constitute a vested interest in him and upon his death the right of collection of the portion of said award remaining unpaid pass to his personal representatives, or did the said award terminate upon the death of the said Michael Wozneak?" He had received a schedule award for the loss of an eye. The full number of weeks had not run at the time of his death. Nine weeks were presently payable and the remainder was to be paid in forty-seven bi-weekly payments. This court held that the amounts due him presently and in the future did not pass to his personal representatives. Then by chapter 498 of the Laws of 1919 the Legislature added to section 33 the provision we are construing and by chapter 534 of the Laws of 1920 it added what is now subdivision 4 of section 15.

It is important to note that the sentence in section 33 which we are construing, which was added in 1919, contained originally a limitation as to the amount of compensation. It provided: "Any compensation under the provisions of this chapter, *not exceeding the sum of two hundred and fifty dollars*," etc. The words " not exceeding the sum of two hundred and fifty dollars " were stricken out by chapter 615 of the Laws of 1922. Originally the Legislature had in mind only small sums due, not to exceed $250, but when the Legislature withdrew the limit in amount the section by its express terms applied to " any compensation " that was " due," which included a lump sum award. I think we should interpret the provision as to death benefits in section 33 in the light of its general application to small accrued obligations which of necessity could not always be fully paid to the date of a workman's death. In this view of the matter it is readily explainable that the Legislature did not so carefully elaborate in section 33 to meet the various contingencies that might arise in disposing of this death benefit. It apparently took an even more liberal view than that expressed in section 16. In this case the husband did not even have to be a dependent husband, as in the other two sections. *Second,* if there was no surviving wife or husband, it gave the sum " to the surviving child or children of the deceased under the age of eighteen years." Dependency was not mentioned. *Third,* the provision is that " if there be no surviving wife or children, *then to the dependents of such deceased employee or to any of them as the. Commission may direct.*" The word " dependents " is not defined here or in any other part of the statute. Sections 15 and 16 do not define or point out who are dependents, but do point out who of the kin of deceased may become beneficiaries, *if dependents.* Only in section 33 do we find dependents as such named as possible beneficiaries. In section 16 certain kin of the deceased are there specifically classified as to relationship and age. They are not classified in section 33. The two sections cover, as we have seen, two entirely different phases of compensation. They are not separate provisions of a statute which have to be reconciled. We must seek the legislative intent from the plain language of section 33, giving to the word " dependents " its usual and ordinary meaning. There is no reason to believe that the Legislature did not so intend. In the cases where it intended a limited classification, it has made that intention perfectly clear. It is urged, however, that to accord to it its usual and ordinary meaning would lead to an unreasonable interpretation. This sister, who is twenty-eight years of age, would be permitted to get an award if actually dependent, because there is no surviving wife or child, but if there had been a surviving child

who was actually dependent at the age of twenty-eight, the statute would not permit that child or any other person to get the award. To be sure, that is an unnatural discrimination which it is hard to attribute to legislative intention, but when we examine section 16 we find a somewhat similar discrimination against children in that section. In that section an actually dependent child over eighteen is not allowed death benefits but others are allowed compensation during dependency and irrespective of age. If we are to read any affirmative provision into section 33, why not assume that the Legislature intended to refer to children under eighteen years of age when it used the expression " if there be no surviving wife or children? " Then an actually dependent child of twenty-eight would be a possible beneficiary just as much as a dependent sister of twenty-eight. There is as much logic in assuming such an intention as to attribute to the Legislature an intention to limit dependency in section 33 to a sister under eighteen just because it did so in section 16. The logic of the former is fairly supported by the context of the section itself. The logic, if such it be, of the latter interpretation is strained and unnatural because it is drawn from the provisions of an entirely different and unrelated section. It may be that the Legislature should have said that if there be no . surviving wife or husband or children *under eighteen* then to the dependents of such deceased employee. This would seem to be the natural intent but the Legislature has not said it. The Legislature, however, has the right to say to whom awards may or may not be made; and if it has in this section discriminated against children over eighteen years of age (which it is not now necessary to determine) it is for the Legislature to correct and not the court. My interpretation of section 33 is that a dependent sister is eligible to receive accrued and unpaid compensation under that section even though she is not under eighteen years of age.

The decision of the State Industrial Board, which was based upon a contrary view of the law, should be reversed and the claim remitted, with costs against the employer and carrier to abide the event.

VAN KIRK and McCANN, JJ., concur; COCHRANE, P. J., dissents on the ground that claimant is not a dependent within the meaning of the statute; H. T. KELLOGG, J., not voting.

Decision reversed and claim remitted, with costs to the appellant against the respondents Bogold Brothers, Inc., and Royal Indemnity Company, to abide the event.