In the Matter of the Claim of CLARENCE C. F. BARTLING and Another, Executors, etc., of CARRIE M. HAUSHALTER, Widow of HENRY HAUSHALTER, Deceased Employee, Respondents, against GENERAL ELECTRIC COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 21, 1931.

*Edward C. Jerome,* for the appellant.

*John J. Bennett, Jr., Attorney-General [E. C. Aiken, Assistant Attorney-General,* of counsel], for the State Industrial Board.

PER CURIAM. An award was made because of an injury to Henry Haushalter, which resulted in permanent loss of use of seventy-five per cent of his right hand. The award was made to his widow (See 220 App. Div. 792) for the reason that he died prior to the making of any award from causes other than the injury. (Workmen's Comp. Law, § 15, subd. 4.) The award was for a period of 183 weeks at sixteen dollars per week. Appellant made the payments to the widow as they became due, but she died before all payments became due. Except the widow, the deceased employee left no dependents. After the death of the widow the Board made an award to the executor and executrix of the estate of the widow for the amount of the payments which had not accrued at the time of the death of the widow.

The sole point raised by the appellant is that the award to the estate of the widow is unauthorized by any provision of the Workmen's Compensation Law and is invalid. The award is not for compensation due but for installments which had not become due at the time of the death of the widow. In *Wozneak* v. *Buffalo Gas Co.* (175 App. Div. 268) it was held that an award for the loss of an eye, made to the person injured, which consisted of a certain number of bi-weekly payments for a specified number of weeks, abated as to unpaid installments not yet due, where the person injured died from causes other than the injury. That was approved by this court and by the Court of Appeals in *Casmey* v. *Parks' Sons Co., Inc.* (189 App. Div. 881; 229 N. Y. 623). The facts in the case at bar are exactly similar to those in the *Wozneak* case, except that the death with which we are concerned is the death of the widow instead of the death of the injured employee. The foregoing decisions control here unless modified by statute or overruled. Subdivision 4 has since been added to section 15 of the Workmen's Compensation Law, as a part of subdivision 3, by Laws of 1920, chapter 534, and was amended as subdivision 4 by Laws of 1922, chapter 615, and Laws of 1927, chapter 556. By these amendments it has been provided that schedule awards to an injured employee under subdivision 3 of said section 15 shall " in case of death arising from causes other than the injury be payable to and for the benefit of " certain persons. The order of preference and method of distribution are carefully prescribed. If there is a surviving wife and no child of the deceased under the age of eighteen years, the award is payable to the wife. No provision is made for payments not yet due at the death of the widow

or any other person to whom an award is made payable under that subdivision. The situation seems to be comparable with that encountered in the *Wozneak* case. Payments not yet due do not survive the death of the widow. We held nothing to the contrary in *Miller* v. *Pierson & Williams* (227 App. Div. 675; affd., 253 N. Y. 541). In that case past due installments of death benefits had accrued and accumulated pending litigation and appeal and remained unpaid at the time of the death of the widow who was entitled thereto. It was held that the widow had a vested interest in such past due installments which passed to her estate. We think that a distinction can be made between installments to become due in the future and past due installments which, by reason of appeal or otherwise, have been allowed to accumulate, instead of being paid when due.

The award to the executor and executrix of the deceased widow is not authorized by law and should be reversed, with costs against the State Industrial Board.

All concur, WHITMYER, J., not sitting.

Award reversed and claim of the estate dismissed, with costs against the State Industrial Board.