In the Matter of the Claim of LAWRENCE MANNING, Appellant, against STROH & WILSON, INC., and STATE INSURANCE FUND, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 29, 1936.

*T. Carlyle Jones*, for the appellant.

*Patrick Mason* [*Edward C. Sohst* of counsel], for the respondents.

HILL, P. J.   The claimant, Lawrence Manning, is the surviving brother of Lionel Manning who was injured while working in his regular employment, but who died from causes other than the injury.   The claimant appeals from a decision of the Board that he was not dependent upon his deceased brother and that as matter of law he is not entitled to an award.   There is no evidence to sustain the finding that he was not dependent.

Lionel, an employee of Stroh & Wilson, Inc., was injured on October 29, 1931. He died from causes other than the injuries on May 8, 1933. As a result of the injuries, he was totally disabled for forty-two and one-half weeks and sustained injuries to his shoulder, arm and left ankle which caused a twenty-five per cent permanent loss of the use of the left arm and a fifteen per cent permanent loss of use of the left foot. The referee allowed the claimant twenty-five dollars a week for thirty-two weeks' total disability, and for an additional ten and one-half weeks for protracted temporary total disability and fixed twenty dollars a week as the rate for the period of the schedule loss. This decision was reversed by the Industrial Board for the reason stated in the opinion: " Furthermore, even had we made a finding in his favor on the question of dependency, still he would not have been entitled to receive payment of this schedule award pursuant to section 15, subdivision 4-d [subd. 4, ¶ d], as he was more than eighteen years of age." The injured employee died after the expiration of the forty-two and one-half weeks of total disability and before the end of the one hundred and eight weeks during which he would have been compensated for his schedule loss.

Section 15, subdivision 4, of the Workmen's Compensation Law does not apply. It gives the right to certain named beneficiaries to receive the full amount of a schedule award when the injured employee dies prior to the expiration of the period covered by the award and from causes other than the injuries. (*Matter of Sienko* v. *Bopp & Morgenstern*, 248 N. Y. 40; *Matter of Bogold* v. *Bogold Bros., Inc.*, 218 App. Div. 676; affd., 245 N. Y. 574.) Section 33 of the Workmen's Compensation Law does apply. " In case of the death of an injured employee to whom there was due at the time of his or her death *any compensation under the provisions of this chapter*, the amount of such compensation shall be payable * * * if there be no surviving wife or children, then to the dependents of such deceased employee or to any of them as the Commission may direct. An award for disability may be made after the death of the injured employee." The entire award for total disability and part of the schedule award was due at the time of the death of Lionel. In the *Sienko Case* (*supra*) the opinion, after discussing the conditions under which section 15, subdivision 4, does apply, says: " Section 33, however, deals with a different matter altogether. It allows the widow or dependents in case of death from whatever cause, the amount of a *disability* award which has not been paid to the injured employee in his lifetime. We think that if the word ' due ' in this section was limited to the bi-weekly payments in arrears referred to in section 25, the language

would have been more specific " (p. 45). A disability award was there involved. In the *Bogold Case* (*supra*) the claimant was a dependent sister twenty-eight years of age, and the award was a schedule award that had been commuted to a lump sum prior to the death of the injured employee. The legislative intent as to the application of section 15, subdivision 4, is discussed in the opinion in the Appellate Division at page 678, and the application of section 33 on the following pages. *Matter of Keenholts* v. *Bayer Co.* (263 N. Y. 77) deals with a schedule award. "Assuming that a schedule award was made during the lifetime of the claimant, upon the death of the claimant, resulting from the injuries, the award was supplanted by the death benefits and all the widow could claim was the portion, if any, of the award unpaid down to the time of claimant's death." The only authority for such a payment would be section 33, for subdivision 4 of section 15 applies only when the claimant has died " from causes other than the injury."

The portion of the decision which determines as a fact that claimant was not a dependent should be reversed upon the ground that there is no evidence to sustain it. The portion of the decision which determines as matter of law that payment of the award which was due at the time of the death of Lionel may not be made to claimant should be reversed and the matter remitted to the Board to make an award to the date of Lionel's death.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; RHODES, J., dissents, with an opinion.

RHODES, J. (dissenting). The parties have stipulated that the only issues to be raised on this appeal " are whether or not the claimant Lawrence Manning, was dependent on his brother Lionel Manning, and whether or not he was a dependent entitled to the compensation for disability pursuant to the provisions of the Workmen's Compensation Law."

The claimant, aged fifty, is a brother of Lionel Manning, the deceased employee, and his claim for compensation as a dependent has been denied by the State Industrial Board, which has found that claimant was not dependent upon the deceased at the time of the accident or death herein.

The Board also found that on October 29, 1931, while the deceased was working for his employer, he was struck by a taxicab, and as a result sustained injuries to his shoulder and arm and left ankle, " all of which injuries caused the claimant to suffer a twenty-five per cent permanent loss of the use of the left arm and a fifteen per cent permanent loss of the use of the left foot; " that no awards

of compensation were awarded to deceased prior to his death, which occurred on May 8, 1933, from causes other than injuries herein referred to. The record shows that he left no widow or children surviving.

For the purpose of this appeal it will be assumed that claimant was actually dependent upon the deceased, because the undisputed evidence establishes such dependency, although the Board found to the contrary.

The right to an award herein is claimed under section 33 of the Workmen's Compensation Law, which, so far as pertinent, provides: " In case of the death of an injured employee to whom there was due at the time of his or her death any compensation under the provisions of this chapter, the amount of such compensation shall be payable to the surviving wife or husband, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving wife or children, *then to the dependents of such deceased employee or* to any of them as the Commission may direct."

As already pointed out, the injuries sustained by the deceased, as found by the Board, consisted only of permanent partial disabilities scheduled under subdivision 3 of section 15 of the act, and subdivision 4 of said section 15 specifies that:

"An award made to a *claimant* under subdivision three shall in case of death arising from causes other than the injury be payable to and for the benefit of the persons following    *    *    *.

" d. If there be no surviving wife (or dependent husband), and no surviving child or children of the deceased under the age of eighteen years, then *to such dependent or dependents as defined in section sixteen* of this chapter, as directed by the Board.

" An award for disability may be made after the death of the injured employee."

The dependents defined under section 16 include in certain instances brothers, but only in case they are under eighteen years of age.

It thus appears that there is a conflict between the provisions of subdivision 4 of section 15 and those of section 33, said subdivision 4 providing in effect that where the injured employee dies from causes other than the injury, awards for scheduled injuries shall be paid to the persons therein specified, and to them only, while said section 33 provides that upon the death (without specifying the cause) of an injured employee, to whom there was due at death *any* compensation, the amount thereof is made payable in certain instances to the *dependents* of such employee or to *any* of them. The class to whom benefits are thus payable under

section 33 is much broader and more inclusive than the classes specified under said subdivision 4. Clearly, benefits may not be made payable to the claimant herein under the provisions of said subdivision 4, and his only right thereto must be sought under the provisions of section 33 if it is applicable.

It is axiomatic that in construing the terms of a statute conflicting provisions are to be harmonized and given effect so far as possible. The two provisions can be harmonized by recognizing that said subdivision 4 is applicable to scheduled benefits, and by holding that said subdivision 33 is not applicable thereto, but applies to benefits for all other classes of injuries.

It may be argued that there is no logic in limiting compensation in cases of scheduled injuries to a different and more restricted group of recipients than those specified under section 33, who are allowed benefits in all other classes of injuries.

It is not, however, a question of logic, but a problem of ascertaining the intent of the Legislature, and anything outside of the language of the statute is here of little assistance in the solution of such problem.

Subdivision 4 of section 15 should be given controlling application and the decision disallowing the claim should be affirmed, without costs.

Decision reversed and matter remitted, with costs against the State Industrial Board.