In the Matter of the Claim of MRS. WILLIAM HEALEY, as Administratrix of the Estate of SARAH DAWSON, Deceased, Respondent, against JOHN CARROLL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. On April 19, 1949, Sarah Dawson, employed as a cleaner in a New York public school fell and injured her right arm. She died May 24, 1950, from causes having no connection with this accident. No compensable disability for loss of time after the accident was found by the board, but after her death a posthumous schedule award was made on the basis of a 55% loss of her right arm. The portion of the award accrued at the time of death, in the sum of $1,288.28 and an additional sum of $400 funeral expenses was made payable to her estate. Decedent left surviving her no husband, children or dependents. The general provision of the statute in a case where there is "any compensation" due to an injured employee at the time of death where such employee leaves no spouse, children or dependents is that the compensation "due" at such time is payable to his estate (Workmen's Compensation Law, § 33). In relation to a schedule award there is also a direction where the death occurs "from causes other than the injury". (§ 15, subd. 4.) In such a case the award is payable to the estate if there are no "surviving dependent husband", children or dependents, but the amount is limited to "reasonable funeral expenses" (par. d). Appellants argue that while section 33 operates to preserve a disability award for the benefit of the claimant's estate that a schedule award is limited to funeral expenses and it is noted that *Matter of Minor* v. *Goetz Moving & Stor. Co.* (276 App. Div. 936) and *Matter of Basarbovich* v. *National House Cleaning Contractors* (275 App. Div. 1012) involved disability and not schedule awards. In *Matter of Manning* v. *Stroh & Wilson* (247 App. Div. 233), there were both disability and schedule awards and the court merely remitted the case to the board "to make an award". These cases do not penetrate directly the problem before us.

We think when section 33 and subdivision 4 of section 15, are read together that section 33 which preserves the award "due" at the time of death should be deemed the general and paramount policy of the Legislature unless the other section must be read as cutting it off in the case of a schedule award. We think that subdivision 4 of section 15 was intended to provide for the unaccrued part of a schedule award that would have become due after the death of the claimant from causes other than the accident. The unaccrued part was to be absorbed and limited by the funeral expenses. The accrued part of the award, that due when death occurred, was the property of the decedent without regard to when the award was made and it would require strong and certain language to take it away from the decedent's estate, assuming the power could be exercised in this direction consistently with the Constitution. In the case before us the schedule award was computed only to the date of claimant's death and there was added to this the funeral expenses. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 283 App. Div. 676.]