Matter of Estate of Youngjohn v Berry Plastics Corp. (2019 NY Slip Op 01290)





Matter of Estate of Youngjohn v Berry Plastics Corp.


2019 NY Slip Op 01290


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

527110

[*1]In the Matter of the Estate of NORMAN YOUNGJOHN, Appellant,
v
BERRY PLASTICS CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Segar & Sciortino PLLC, Rochester (Stephen A. Segar of counsel), for appellant.
Goldberg Segalla LLP, Buffalo (Cory A. DeCresenza of counsel), for Berry Plastics Corporation and another, respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed November 30, 2017, which, among other things, limited the amount of decedent's schedule loss of use award payable to claimant to funeral expenses not to exceed $10,500.
Norman Youngjohn (hereinafter decedent) was injured in a work-related accident on December 30, 2014, and his claim for workers' compensation benefits was established for an injury to his right shoulder. In June 2015, the claim was amended to include an injury to his left elbow. In 2016, decedent's treating physicians raised the issue of permanency and schedule loss of use (hereinafter SLU) of both arms, and an independent medical examination was conducted on behalf of the employer's workers' compensation carrier. All of the medical experts agreed that decedent had reached maximum medical improvement, although they disagreed as to the SLU percentages. On March 4, 2017, prior to the resolution of this issue, decedent passed away as a result of reasons unrelated to his workplace injuries. At the time of decedent's death, he had no surviving spouse, children under 18 years of age or dependents. Following decedent's death, [*2]the parties stipulated to a 55% SLU of the left arm and a 45% SLU of the right arm. A Workers' Compensation Law Judge (hereinafter WCLJ), among other things, incorporated the percentages stipulated to in a decision and, based on the SLU percentages, found that decedent was entitled to 312 weeks of benefits, along with "an additional 23.8 weeks of benefit[s] due to [a] healing period which took longer than normally expected." The WCLJ ordered that the total SLU awards, less payments already made, be paid to claimant, decedent's estate. Upon review, the Workers' Compensation Board modified the WCLJ's decision, finding that Workers' Compensation Law § 15 (d) (4) limits the amount of the SLU award that may be paid to claimant to reasonable funeral expenses. Claimant appeals.
"SLU awards are made to compensate for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Taher v Yiota Taxi, Inc., 162 AD3d 1288, 1289 [2018]; see Workers' Compensation Law § 15 [3] [a-v]; Matter of Marhoffer v Marhoffer, 220 NY 543, 547 [1917]; Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d 1364, 1365 [2015], lv denied 28 NY3d 902 [2016]). "Unlike an award of weekly compensation for a disability, which is based upon the actual period during which an employee is disabled from earning full wages, liability for [an SLU] award arises as of the date of the accident, and the weekly rate and number of weeks specified in the schedule are merely the measure by which the total amount of the award is calculated; while the decisions often list the [SLU] award as covering certain dates, the [SLU] award is not allocable to any particular period of disability" (Matter of Newbill v Town of Hempstead, 147 AD3d 1191, 1192 [2017] [internal quotation marks and citations omitted]; see Matter of Cruz v City of N.Y. Dept. of Children's Servs., 123 AD3d 1390, 1391 [2014], lv denied 26 NY3d 905 [2015]).
Workers' Compensation Law § 33 generally provides that where "an injured employee to whom there was due at the time of his or her death any compensation under the provisions of [the Workers' Compensation Law]" dies without leaving a surviving spouse, child under 18 years of age or dependent, the amount of such compensation is payable to his or her estate. However, with respect to SLU awards under the same circumstances, Workers' Compensation Law § 15 (4) (d) provides that the SLU award be paid to the deceased's estate "in an amount not exceeding reasonable funeral expenses." In Matter of Healey v Carroll (282 App Div 969 [1953]), we considered these two statutes together in a situation where, as here, a deceased worker received a posthumous SLU award after dying from reasons unrelated to her injuries without leaving a surviving spouse, child under 18 years old or dependent. We concluded that Workers' Compensation Law § 15 (4) (d) restricted payment of only the unaccrued portion of the SLU award "that would have become due after the death of [the decedent]" and that the "accrued part of the award, . . . due when death occurred, was the property of the decedent without regard for when the award was made" (Matter of Healey v Carroll, 282 App Div at 970). Accordingly, we affirmed the Board's determination to direct payment of the accrued portion of the SLU award — that is, the number of weeks between the date of the accident and the date of death, multiplied by the weekly rate of the award — to the deceased worker's estate, along with reasonable funeral expenses (id.).
In 2009, in response to a Court of Appeals decision holding that the lump-sum payment of an SLU award was statutorily prohibited (Matter of LaCroix v Syracuse Exec. Air Serv., Inc., 8 NY3d 348, 353-357 [2007]), the Legislature amended the Workers' Compensation Law to authorize the full payment of SLU awards in one lump sum at the request of the injured employee (see Workers' Compensation Law §§ 15 [3] [u]; 25 [1] [b], as amended by L 2009, ch [*3]351, §§ 1, 2)[FN1]. Claimant argues that, as a result of the amendments allowing for the option of lump-sum payments, the entirety of decedent's SLU award accrued at the time of his accident and is, therefore, payable to it. We disagree.
Initially, because the issue raised "is one of pure statutory reading and analysis, we 'need not accord any deference to the [Board's] determination, and [are] free to ascertain the proper interpretation from the statutory language and legislative intent'" (Matter of Soriano v Elia, 155 AD3d 1496, 1497-1498 [2017], lv denied 31 NY3d 913 [2018], quoting Matter of Belmonte v Snashall, 2 NY3d 560, 566 [2004]). In our view, the 2009 statutory amendments did not alter the longstanding rule that, where an injured employee dies without leaving a surviving spouse, child under 18 years old or dependent, only that portion of the employee's SLU award that had accrued at the time of the death is payable to the estate, along with reasonable funeral expenses (see Matter of Healey v Carroll, 282 App Div at 970)[FN2]. Nor did, as claimant contends, the amendments alter the rate at which an SLU award accrues to an injured employee who is posthumously awarded SLU benefits. Absent clear statutory language or an indication of statutory intent, we cannot conclude that, in granting the option of a lump-sum payment, the Legislature intended for the employee's estate to collect any portion of the posthumous SLU award that had not accrued prior to death. Accordingly, claimant was not entitled to the entirety of decedent's SLU award. However, under Matter of Healey v Carroll (supra), claimant was entitled to payment of that portion of the SLU award that had accrued up to the time of decedent's death. We therefore modify the Board's determination accordingly and remit the matter for a recalculation of the amount of the SLU award owed to claimant.
Lynch, J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as limited the schedule loss of use award payable to claimant to reasonable funeral expenses; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Lump-sum SLU award payments are payable without commutation to present value (see Workers' Compensation Law § 25 [1] [b]).

Footnote 2: To the extent that our decision in Matter of Kilday v 35 E. 75th St. Corp. (32 AD2d 597 [1969]) is in conflict with this longstanding rule, that decision should no longer be followed.